IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RESHUNN CHAMBERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:19-CV-1062-K-BH |
| ) | |
| **SOCIAL SECURITY** ) | |
| **ADMINISTRATION, et. al,** ) | |
| **Defendants.** ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's sealed *Motion for Emergency Hearing*, filed July 8, 2019 (doc. 8). Based on the relevant filings and applicable law, the motion should be **DENIED**.[2]

On May 2, 2019, Reshunn Chambers (Plaintiff) filed this action against various governmental and private defendants alleging that they have conspired to wrongfully withhold disability monthly benefit payments to him for the last five years. (doc. 3 at 4.)[3] He asserts claims for discrimination, wrongful termination of his social security benefits, negligence, retaliation, defamation, slander, libel, and adverse credit reporting. (*Id.* at 3-4.) After he paid the filing fee on May 20, 2019, he was reminded by order dated May 23, 2019, that he was responsible for serving each defendant. (*See* doc. 5.) The docket does not reflect that any defendant has been served, and none has appeared in this case.

Plaintiff now seeks an emergency hearing and an order to the defendants to deliver a check to him for past due benefits. (*See* doc. 8.) His motion does not reflect service on any defendant, and

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Although filed under seal, no motion to seal was filed as required by the Local Civil Rules for the Northern District of Texas, and there is no apparent reason to seal the filing. Accordingly, the filing shall be unsealed.

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

it is liberally construed as seeking a temporary restraining order (TRO).

A party may obtain a TRO without notice to the other side if it satisfies the necessary requirements, which are:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Here, the motion contains no certification regarding any efforts to provide notice and the reasons why it should not be required.

Additionally, in order to obtain a TRO, a plaintiff "must show entitlement to a preliminary injunction." *Mktg. Investors Corp. v. New Millennium Bank*, No. 3:11-CV-1696-D, 2011 WL 3157214, at *1 (N.D. Tex. July 26, 2011) (Fitzwater, C.J.) (citations omitted). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, the movant must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citation omitted). The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

To establish the first element of likelihood of success on the merits, a "plaintiff must present a prima facie case but need not show that he is certain to win." *Janvey v. Alguire*, 628 F.3d 164, 175 (5th Cir. 2010). The first element is assessed by looking at standards provided by substantive law.

*Id.* (citing *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)). Here, the plaintiff has not addressed any of the standards or elements of each of his claims in an attempt to show a likelihood of success on the merits. His brief and conclusory statements in his purported sworn declaration are not sufficient to show entitlement to preliminary injunctive relief. He has failed to carry his burden of showing why a temporary restraining order or a preliminary injunction should issue in this case, and his motion should be **DENIED**.

SO RECOMMENDED this 9th day of July, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE