IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RESHUNN CHAMBERS, § | | |
| Plaintiff, § | | |
| vs. § | | Civil Action No. 3:19-CV-1062-K-BH |
| § | | |
| SOCIAL SECURITY § | | |
| ADMINISTRATION, et. al, § | | |
| Defendants. § | | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is the *Motion for Leave to File Plaintiff's Amended Complaint with Consent of Federal Government Deftendants [sic] et al.*, filed October 11, 2019 (doc. 43). Based on the relevant filings and applicable law, the motion is **GRANTED**.

**I.**

On May 2, 2019, the *pro se* plaintiff filed this action against the defendants, alleging that they conspired to withhold his monthly disability benefits. (*See* doc. 3.) A scheduling order was entered on September 11, 2019, which provided that "[a]ll motions for leave to amend pleadings must be filed no later than **February 7, 2019**." (doc. 38 at 1.) After some defendants moved to dismiss the complaint, the plaintiff filed an amended complaint without the defendants' consent and without seeking leave of court, and it was stricken. (*See* docs. 41, 42.) The plaintiff now seeks leave to file an amended complaint. (*See* doc. 43.) The defendants oppose amendment on grounds of undue delay and futility. (*See* docs. 52, 53, 54.)

**II.**

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading once as a matter of course within 21 days after serving it, or if a responsive pleading is required, with 21

---

[1] By *Special Order No. 3-251*, this *pro se* case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

days of receiving the responsive pleading or a motion under Rule 12(b), (e), or (f). Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

A.  **Undue Delay**

The defendants contend that the plaintiff's motion should be denied based on undue delay because he missed the deadlines for amendment as a matter of right established by the federal rules and the order to respond to the defendants' motions to dismiss. (*See* doc. 52 at 2-4; doc. 53 at 1-4; doc. 54 at 6-8.)

"A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Delay alone is an insufficient basis to deny leave to amend, and delay must be "*undue, i.e.*, it must prejudice the nonmoving party or impos[e] unwarranted burdens on the court." *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 610

F.Supp.2d 600, 653 (S.D.Tex. 2009)(emphasis in original)(quoting *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 427 (5th Cir. 2004)). When a court considers a motion for leave to add a new theory to the complaint, "[a]s a general rule, the risk of substantial prejudice increases with the passage of time." *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 3:06-CV-0073-D, 2007 WL 2592353, at *2 (N.D. Tex. Sept. 10, 2007) (citation omitted). The Fifth Circuit recognizes that "even under the more liberal Rule 15 standard [a court] 'more carefully scrutinize[s] a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment.'" *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 239 (5th Cir. 2015) (citation omitted).

Here, because the plaintiff sought leave to file a first amended complaint by the deadline, the motion is presumed timely. *See Smallwood v. Bank of Am.*, No. 3:11-CV-1283-D, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011) (explaining that "there is a presumption of timeliness" if the motion for leave is filed by the court-ordered deadline); *see also Mary Kay, Inc. v. Dunlap,* 3:12-CV-29-D, 2012 WL 3283475, at *2 (N.D. Tex. Aug. 13, 2012) (finding that argument of undue delay "lacks force" where amendment was sought by court-ordered deadline). The defendants have not shown that permitting the amendment will cause undue delay or prejudice under these circumstances, especially since there are almost two months left until the discovery deadline elapses. *See Carson*, 689 F.2d at 583-585 (finding the district court abused its discretion in denying leave to amend complaint to add an additional claim where there was no pretrial order or conference, there was no evidence in the record to suggest the plaintiff acted in bad faith in not previously including the claim, and there was no evidence of prejudice to the defendants if the claim was allowed to be made); *compare OnAsset Intelligence, Inc. v. Freightweight International (USA), Inc.,* No. 3:11-CV-3148-G, 2012 WL

3

5409660, at *2 (N.D.Tex. Nov. 6, 2012) (finding the "usual case in which 'undue delay' supports a court's denial of leave to amend is where a party waits until the eve of trial to assert a new claim); *Daves v. Payless Cashway, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981) (finding an unexplained delay in seeking to amend complaint on the day of trial coupled with the fact that the amended complaint presented a theory of recovery far removed from the original, justified denial of leave to amend even though there was no showing of bad faith). This FLSA collective action is still at an early stage, and when the facts in this case are "carefully scrutinized," nothing in the record suggests an undue delay or a dilatory motive by the plaintiff, or undue prejudice to the defendants.

**B.     Futility**

The defendants also argue that the plaintiff's motion for leave to amend should be denied based on the futility of the proposed amendment because he has failed to state a claim against them. (*See* doc. 52 at 5-8; doc. 54 at 8-12.)

In the context of Rule 15(a), the Fifth Circuit has interpreted futility to mean that "the amended complaint would fail to state a claim upon which relief could be granted," so courts must apply the same standard as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Leave to amend does not need to be granted when the amended complaint would not defeat a motion to dismiss. *See id.* The issue of futility, however, is better addressed "in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." *Smallwood*, 2011 WL 4941044 at *1; *see also McDade v. Wells Fargo Bank, N.A.*, No. H-10-3733, 2011 WL 4860023 at *4 (S.D. Tex. Oct. 13, 2011) (explaining that in the context of a motion for leave, futility means that "the amended complaint would fail to state a claim upon which relief could be granted") (quoting *Stripling*, 234 F.3d at 873). This Court's "almost unvarying practice when futility is raised [in response

4

to a motion for leave to amend] is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion . . . where the procedural safeguards are surer." *Poly-America, Inc. v. Serrott Int'l Inc.*, No. 3:00-CV-1457-D, 2002 WL 206454, at *4-5 (N.D. Tex. Feb. 7, 2002) (citation omitted). This case is still at a very early stage, and the proposed amendment aims to address pleading deficiencies. Because the defendants have already moved to dismiss the plaintiff's claims for the same reasons they oppose the proposed second amended complaint, their arguments regarding its failure to state a claim will be considered in the Rule 12(b) context.

Moreover, notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at * 1. Allowing the plaintiff an opportunity to amend prior to determination of whether his complaint states a claim against the defendants will allow him to plead his best case.

Having considered the relevant factors, there is no "substantial reason" to deny the plaintiff's motion for leave to amend his complaint. *See Jacobsen*, 133 F.3d at 318.

**III.**

The motion for leave is **GRANTED.** The Clerk's Office shall file the proposed amended

5

complaint filed with the plaintiff's motion.

Because the defendants' pending motions to dismiss (docs. 26, 30, 48) are directed at the original complaint, which will be superseded by the first amended complaint, they are **DEEMED MOOT**.

**SO ORDERED** on this 4th day of November, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE